**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:   Melvin Geiger<br>                        Debtor<br><br>Lakeview Loan Servicing, LLC, or its Successor or Assignee<br>                        Movant<br>           vs.<br>Kenneth E. West, Trustee<br>Melvin Geiger<br>                        Respondents | Chapter 13<br>Bankruptcy No. 23-10608-amc |

**MOTION OF LAKEVIEW LOAN SERVICING, LLC, OR ITS SUCCESSOR OR ASSIGNEE FOR RELIEF FROM AUTOMATIC STAY UNDER ' 362(a)**

Movant: Lakeview Loan Servicing, LLC, or its Successor or Assignee

Mortgage dated December 20, 2018 and recorded on March 18, 2019 in the Office of the Recorder of Delaware County in Mortgage Book 06294 Page 1980.

Assignment of Mortgage dated July 27, 2022 and recorded on August 2, 2022 in the Office of the Recorder of Delaware County in Mortgage Instrument No. 2022042647.

1. Lakeview Loan Servicing, LLC, or its Successor or Assignee (hereinafter "Movant") holds a claim secured by a duly recorded Mortgage on property of Melvin Geiger, or of the bankruptcy estate located at: 1113 Edmonds Avenue, Drexel Hill, Pennsylvania 19026.

2. Melvin Geiger (hereinafter "Debtor") filed a Petition under Chapter 13 on March 2, 2023.

3. At the present time, the Mortgage requires payments each month of $2,708.71.

4. Movant has not received regular mortgage payments and lacks adequate protection of its interests.

5. Debtor is in default of post-petition payments to the present date from April 1, 2023.

6. The total amount of the post-petition arrearage as of this date is $8,126.13. This figure is broken down as follows:

    -Three (3) delinquent payments, each in the amount of $2,708.71, representing the months of April 2023 through June 2023

7. Since June 1, 2023, Movant has incurred attorneys' fees in connection with this Motion.

8. Movant does not have and has not been offered adequate protection for its interest in said premises and may be required to pay expenses for said premises in order to preserve its lien, which is the obligation of the Debtor under said Mortgage.

        9.     Movant specifically requests permission from the Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

        10.     Upon execution and entry of the Order granting the relief requested, the requirements specified in both (1) Fed. R. Bankr. P. 3002.1 (b) regarding Notice of Mortgage Payment Changes and (2) Fed. R. Bankr. P. 3002.1 (c) regarding Notice of Post-petition Mortgage Fees, Expenses and Charges are hereby waived, or made inapplicable, during the pendency of the within bankruptcy case.

WHEREFORE, Movant prays for an order modifying the automatic stay of Bankruptcy Code ' 362(a) to permit Movant to foreclose its Mortgage and to exercise any other rights it has under the Mortgage or with respect to the mortgaged property such actions may include but are not limited to selling the property at Sheriff Sale, entering into a loan modification or signing a deed in lieu of foreclosure; and

Further, granting Movant permission from this Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with the applicable nonbankruptcy law.

/s/ Marisa Myers Cohen, Esquire
MARISA MYERS COHEN, ESQUIRE ID #87830
ANDREW M. LUBIN, ESQUIRE ID # 54297
Attorney for Lakeview Loan Servicing, LLC
1420 Walnut Street, Suite 1501
Philadelphia, PA 19102
Telephone: (215) 790-1010
Facsimile: (215) 790-1274
Email: ecfmail@mwc-law.com